UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DENNIS RIZO, | Case No. 2:26-cv-00421-MMD-EJY |
| Petitioner, | SCREENING ORDER |
| v. | |
| PAMELA BONDI, *et al.*, | |
| Respondents. | |

Petitioner Dennis Rizo, an immigration detainee challenging his ongoing federal detention at Nevada Southern Detention Center, filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241 (ECF No.1-1 ("Petition")), a motion for leave to proceed *in forma pauperis* (ECF No. 1 ("IFP Application")), and a motion for appointment of counsel (ECF No. 2 ("Motion for Counsel")). The Court finds that good cause exists to grant the IFP Application. The Court also finds that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[1] And, following a preliminary review of the Petition,[2] the Court finds that it establishes a *prima facie* case for relief, so the Court directs that it be served on the United States Attorney's Office for the District of Nevada and sets a briefing schedule.

It is therefore ordered that the IFP Application (ECF No. 1) is granted.

---

[1]Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases.

[2]The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

It is further ordered that the Motion for Counsel (ECF No. 2) is granted. The Federal Public Defender for the District of Nevada is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within three days of the date of this Order. If the Federal Public Defender is unable to represent Petitioner, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that if the Federal Public Defender files a notice of appearance in this matter, it will then have five days to file an amended petition (or to indicate that an amended petition is unnecessary). The Federal Public Defender shall effectuate service of the amended petition, if one is filed, on the respondents.

It is further kindly ordered that the Clerk of Court:

1. FILE the Petition (ECF No. 1-1).

2. SEND a copy of the Petition (ECF No. 1-1) and this Order to the Federal Public Defender, Petitioner, and the CJA Coordinator for this division.

3. ADD the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

4. MAIL a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Center, 2190 E. Mesquite Ave. Pahrump, NV 89060

5. SEND a courtesy copy of the Petition (ECF No. 1-1) and this Order to Ashley Hesman at ahesman@strucklove.com.

It is further ordered the United States Attorney's Office for the District of Nevada file a notice of appearance within three days of the date of this Order and file and serve

2

their answer to the petition within ten days. The respondents must file with their answer any documents referenced or relied upon in their responsive pleading.[3] Petitioner will then have five days to file a reply.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that the respondents shall not transfer Petitioner out of this District, with the exception of effectuating his lawful deportation.[4]

DATED THIS 18th Day of February 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3]*See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243).

[4]*See F.T.C. v. Dean Foods Co.,* 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").