UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DENNIS RIZO,

Petitioner,

v.

PAMELA BONDI, *et al.*,

Respondents.

Case No. 2:26-cv-00421-MMD-EJY

ORDER

## I.     SUMMARY

Petitioner Dennis Rizo, an immigration detainee challenging his ongoing federal detention, filed a counseled first amended petition for federal habeas corpus relief under 28 U.S.C. § 2241. (ECF No. 23 ("Petition").)[1] For the reasons discussed below, the Court grants the Petition on Grounds One and Two and orders Rizo released.

## II.    BACKGROUND

Rizo is a Cuban citizen who was granted humanitarian parole upon entry into the United States. (ECF No. 23 at 5.) Immigration and Customs Enforcement ("ICE") took Rizo into custody on December 6, 2025. (*Id.* at 6.) An immigration judge ("IJ") ordered Rizo removed on January 27, 2026. (*Id.*) When Rizo stated he did not want to be removed to a third country, the IJ informed Rizo he was not eligible for voluntary deportation or removal to Cuba due to pending criminal charges against him. (*Id.*) On February 15, 2026, Rizo was transferred to Pine Prairie Detention Center in Louisiana and informed he would be deported to Cuba. (*Id.* at 7.) Rizo was not deported and on March 4, 2026, he was returned to Nevada. (*Id.*) On or around April 11, Rizo was again transferred to Louisiana.

---

[1]Respondents requested a retroactive extension of time to file their response which the Court granted for excusable neglect. (ECF Nos. 28, 29.) Respondents responded within the extended deadline (ECF No. 30) and Petitioner replied (ECF No. 31).

(ECF No. 30 at 8-9, 31 at 4.) While a flight to Cuba departed from Pine Prairie on or around April 16, Rizo was not onboard and remains detained. (ECF No. 31 at 4.)

**III.    LEGAL STANDARD AND JURISDICTION**

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

As in previous similar cases, the Court rejects Respondents' argument that the Court lacks jurisdiction. (ECF No. 20 at 4-6); *see Alkarori v. Nevada S. Det. Ctr.*, No. 2:25-CV-02567-MMD-MDC, 2026 WL 266756, at *1 (D. Nev. Feb. 2, 2026); *Sanchez Diaz v. Bondi*, No. 2:26-CV-00310-MMD-MDC, 2026 WL 905848, at *1 (D. Nev. Apr. 2, 2026); *see also Gaitan Coreas v. Mullin, et al.*, No. 2:26-CV-00591-GMN-DJA, 2026 WL 1121974, at *3-*4 (D. Nev. Apr. 24, 2026) (collecting cases). The Court finds "Respondents do not offer any meaningful basis for why the Court's previous analysis does not preclude their arguments here." *Gaitan Coreas,* 2026 WL 1121974, at *3. Respondents argue that the Immigration and Nationality Act and the REAL ID Act deprive the Court of jurisdiction. (ECF No. 30 at 3 (citing 8 U.S.C. §§ 1252(b)(9), (g)).) But these statutory provisions only limit the Court's ability to review challenges to the initiation and adjudication of immigration proceedings or the execution of removal orders. *See* 8 U.S.C. § 1252(g) (depriving jurisdiction over cases arising from the agency's discretion "to commence proceedings, adjudicate cases, or execute removal orders"); *id.* at § 1252(b)(9) (depriving jurisdiction over cases "arising from any action taken or proceeding

2

brought to remove" a noncitizen). Here, Rizo is challenging the lawfulness of his ongoing detention, not his final removal order or its adjudication. *See Gonzalez v. United States Immigr. & Customs Enf't,* 975 F.3d 788, 810 (9th Cir. 2020) ("[C]laims challenging the legality of detention pursuant to an immigration detainer are independent of the removal process."). The Court therefore concludes that it has jurisdiction over this case.

## IV.    DISCUSSION

Rizo argues in Ground One and Ground Two of the Petition that his continued detention violates his Fifth Amendment right to due process and 8 U.S.C. § 1231(a)(6) because his removal is not reasonably foreseeable. (ECF No. 23 at 14-19.) Respondents argue Rizo's claim is premature and that his removal is impending. (ECF No. 30 at 7-9.) The Court agrees with Rizo and grants the Petition on these grounds.

Individuals with final removal orders are subject to mandatory detention during a 90-day "removal period". *See* 8 U.S.C. §§ 1231(a)(1), (2)(A). This 90-day removal period generally begins on the date a removal order becomes final. *See id.* at § 1231(a)(1)(B). While the Attorney General has discretion to detain noncitizens beyond the 90-day removal period, the Supreme Court held that due process imposes an "implicit limitation" on that discretion. *See id.* at § 1231(a)(6); *Zadvydas*, 533 U.S. at 689. Indefinite detention "would raise a serious constitutional problem" under the Fifth Amendment. *Zadvydas*, 533 U.S. at 690. In *Zadvydas*, the Supreme Court "held that [a non-citizen] may be detained only for 'a period reasonably necessary to bring about that [non-citizen's] removal from the United States.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (quoting *Zadvydas*, 533 U.S. at 689)). The Court found it "practically necessary to recognize some presumptively reasonable period of detention" to effectuate removal and adopted six months "to guide lower court determinations." *Zadvydas*, 533 U.S. at 702. The Supreme Court rejected a rigid application of this six-month period, reasoning that a detainee is not guaranteed release after six months. *See id.* Correspondingly, the

government is not guaranteed the right to hold a noncitizen for at least six months. See *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."). The six-month presumption may be rebutted where there is no significant likelihood of removal in the reasonably foreseeable future. *See Douglas v. Baker*, No. 25-CV-2243-ABA, 2025 WL 2997585, at *2 (D. Md. Oct. 24, 2025); *Munoz-Saucedo v. Pittman,* 789 F. Supp. 3d 387, 395-97 (D.N.J. 2025); *Alkarori*, 2026 WL 266756, at *2.

First, Rizo is no longer subject to mandatory detention. The parties agree that Rizo's removal order became final on January 27, 2026. (ECF Nos. 23 at 14-15, 30 at 7-8.) The 90-day mandatory removal period therefore ended on April 27. Second, the Court rejects Respondents' characterization of the six-month presumption in *Zadvydas*. Respondents suggest that habeas relief under *Zadvydas* is unavailable unless a petitioner demonstrates post-removal detention beyond six months. (ECF No. 30 at 7.) But the six-month period in *Zadvydas* is merely a rebuttable presumption, not a rigid requirement. *See* 533 U.S. at 702; *see also Alkarori*, 2026 WL 266756 at *4-5. The Court finds Rizo rebuts the presumptive reasonableness of continuing his detention for another three months.

Rizo argues it is highly unlikely he will be successfully removed to Cuba. Rizo claims that "Cuba will not issue travel documents for him and will not receive him into Cuba due to his pending criminal charges." (ECF No. 23 at 16 (citing *Veiga v. Bondi*, No. 2:25-CV-02168-TMC, 2025 WL 3526067, at *1 (W.D. Wash. Dec. 9, 2025).) Rizo alleges that the IJ and ICE officers directly advised Rizo that removal to Cuba would not be possible because of his pending criminal charges. (ECF Nos. 23 at 6-7, 31 at 4.) As Rizo notes, Respondents do not dispute these factual representations. (ECF No. 31 at 4.) Respondents instead argue Rizo's removal to Cuba is imminent as demonstrated by his

4

transfer to Pine Prairie Processing Center in Louisiana. (ECF No. 30 at 8.) Rizo was transferred to Louisiana twice to effectuate his removal, but both attempts were unsuccessful. (ECF No. 31 at 3-4.) Rizo alleges that during both detentions in Louisiana, flights removing Cuban nationals back to Cuba left without him. (*Id.*) The government's repeated but failed attempts to remove Rizo "without any evidence that future attempts with be successful, only further confirms the unlikelihood of removal in the foreseeable future." *Sanchez Diaz v. Bondi*, 2026 WL 905848, at *1 (citing *Suarez-Ramirez v. Bondi*, No. 2:25-CV-02369-MMD-EJY, 2026 WL 115020, at *2 (D. Nev. Jan. 15, 2026); *Pena-Gil v. Lyons*, No. 25-CV-03268-PAB-NRN, 2025 WL 3268333, at *1, *3, *4 (D. Colo. Nov. 24, 2025)).

Additionally, Respondents do not demonstrate the government has made any effort to remove Rizo to a third country. (ECF No. 23 at 18.) In fact, Respondents do not indicate any intention to initiate Rizo's removal beyond Cuba. The Court agrees with Rizo that "[d]etention that rests on the mere possibility that Respondents may someday initiate lawful procedures is precisely the type of speculative detention that *Zadvydas* forbids." (ECF No. 23 at 19). The Court therefore concludes that Rizo's continued detention is unlawful and grants the Petition.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition. In particular, because the Court grants Rizo's requested relief on Grounds One and Two, it does not address the arguments in Ground Three as they would not impact the outcome of the case.

It is therefore ordered that Rizo's Petition (ECF No. 23) is granted. Respondents must immediately release Rizo no later than 5:00 PM on Friday, May 1, 2026, subject to

reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Rizo.

It is further ordered that the parties shall file a joint status report by Monday, May 4, 2026 confirming Respondents' compliance with this Order.

DATED THIS 30th Day of April 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

6