UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DENNIS RIZO,<br><br>　　　　　　　　　　　Petitioner,<br>　　v.<br><br>PAMELA BONDI, *et al.*,<br><br>　　　　　　　　　　　Respondents. | Case No. 2:26-cv-00421-MMD-EJY<br><br>ORDER |

On April 30, 2026, the Court granted Dennis Rizo's petition for federal habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 23 ("Petition")). (ECF No. 32 ("Order").) After the Petition was fully briefed,[1] the Court found Petitioner rebutted the presumptive reasonableness of his continued detention based on undisputed evidence that the government twice attempted and failed to remove Petitioner to Cuba. (ECF No. 32 at 4-5.) This afternoon, hours before the deadline to release Petitioner, Respondents move, on an emergency basis, for reconsideration under Federal Rule of Civil Procedure 59. (ECF No. 33 ("Motion").)[2]

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Newly discovered evidence must "not [have been] available when the original motion or response was filed."

---

[1]Respondents requested a retroactive extension of time to file their response which the Court granted for excusable neglect. (ECF Nos. 28, 29.) Respondents responded within the extended deadline (ECF No. 30) and Petitioner replied (ECF No. 31).

[2]The Court resolves the Motion without further briefing to avoid delaying implementation of the Order.

LR 59-1. Evidence is not "newly discovered" if it was in the moving party's possession at the time of filing or "could have been discovered with reasonable diligence." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987).

Respondents seek reconsideration "upon undersigned AUSA's receipt of new evidence this morning that Petitioner has a flight to Cuba scheduled." (ECF No. 33 at 2.) Respondents emphasize that counsel "received new evidence" of this flight and that this "critical new evidence… was not made available to undersigned AUSA at the time of filing" (*Id.* at 4.) Respondents state the Petitioner "had been previously scheduled [to board] a flight for May 21, 2026." (*Id.*) However, Respondents obliquely fail to identify when this flight was scheduled. While the Motion states the evidence is "new" to *counsel*, Respondents provide no information indicating this information was not available to them at the time of filing their response on April 20, 2026 or before the Court issued the Order on April 30, 2026. (ECF No. 30.) The inquiry under Rule 59 to determine whether evidence is "newly discovered" is whether the evidence "was in the *moving party's possession* at the time [of filing] or could have been discovered with reasonable diligence." *Coastal Transfer Co.*, 833 F.2d at 212 (emphasis added). The inquiry is *not* when the evidence came into the possession of the party's counsel. Respondents provide no indication that this impending scheduled flight was not information within their possession, or information they could have uncovered with reasonable diligence, at the time of filing their response.

Beyond this flight information, which the Court finds Respondents do not demonstrate to be "newly discovered," Respondents do not provide any other information that merits reconsideration. Instead, Respondents seem to essentially repeat arguments previously raised in their response. For example, Respondents represent Petitioner has been in Oakdale, Louisiana as of April 6, 2026 to effectuate his lawful removal to Cuba. (ECF No. 33 at 4.) But in their response, Respondents asserted that "on information and belief," Petitioner was recently transferred to a detention center in Louisiana to effectuate

2

his deportation Cuba. (ECF No. 30 at 8). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled," and, in general, such motions are disfavored. *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005); *see also* LR 59-1(b)-(c).

It is therefore ordered that Respondent's Motion (ECF No. 33) is denied.

It is further ordered that the Court's previous order granting the Petition and mandating Petitioner's released by 5:00 PM today remains in effect. (ECF No. 32.) In accordance with that same Order, the Court expects a joint status report from the parties by Monday May 4, 2026 confirming Respondents' compliance with the Court's orders.

DATED THIS 1st Day of May 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3